## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DORENE MIRANDA,**

Plaintiff,

**vs.**                          CASE NO. _____

**GLOBAL SERVICE GROUP LLC**
**d/b/a GLOBAL SERVICE GROUP LLC**
**OF DELAWARE (a Delaware Company)**
**and RUTH POUTANEN (an individual)**
**and CHRISTOPHER T. FOUFAS (an individual)**
**and MICHAEL J. D'AMBROSE (an individual)**
**and JOHN DOE,**

Defendants.

_____/

## COMPLAINT
## JURY DEMAND

## INTRODUCTION

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

2.      Defendant Global Service Group, LLC d/b/a Global Service Group LLC of Delaware ("GSG") left deceptive prerecorded messages on Plaintiff's cellular telephone to elicit a return telephone call from Plaintiff. When Plaintiff returned the

telephone call, GSG attempted to extort money from Plaintiff using unlawful collection tactics, including, but not limited to, using false statements, threats, and intimidation.

3.      The use of these unlawful debt collection practices by GSG and other debt collectors is an epidemic, as described in the numerous complaints filed over the past few years by the Federal Trade Commission, Consumer Financial Protection Bureau, and various attorney generals across the country.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).   See Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

5.      Plaintiff, Dorene Miranda ("Plaintiff") is a natural person and a citizen of the State of Florida residing in Hillsborough County in the Middle District of Florida.

6.      Defendant, Global Service Group LLC d/b/a Global Service Group of Delaware ("GSG") is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Chicago, Illinois.  GSG is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Incorp Services, Inc.  GSG regularly conducts business in the State of Florida including the Middle District of Florida.

7.      GSG regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

8.      GSG regularly collects or attempts to collect debts for other parties.

9.      GSG is a "debt collector" as that term is defined in the FDCPA and FCCPA.

10.     GSG was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11.     Defendant, Ruth Poutanen ("POUTANEN"), is a natural person residing in the State of Wisconsin. POUTANEN personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

12.     Defendant, Michael J. D'Ambrose ("D'AMBROSE"), is a natural person residing in the State of Illinois. D'AMBROSE personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

13.     Defendant, Christopher T. Foufas ("FOUFAS"), is a natural person residing in the State of Illinois. FOUFAS personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

14.     Defendant John Doe is the creditor to whom the alleged debt is owed. Plaintiff is presently unaware of the identity of the creditor, but will obtain it through discovery, and amend her Complaint accordingly.

## FACTUAL ALLEGATIONS

15.     GSG sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, GSG

sought to collect from Plaintiff a debt allegedly owed on a personal payday loan allegedly incurred in May 2012 to DJR Group. Hereinafter referred to as "the alleged debt."

16.     Plaintiff has no recollection of doing business with DJR Group and GSG refused to verify the debt.

17.     On or about March 2016, GSG left the following prerecorded or artificial voice message on Plaintiff's cellular telephone:

> This message. We are handling a claim in our office. Please note your claim number [261413.] Please press 0 to speak to a representative or call us at [1-888-422-5350], thank you.

18.     GSG left similar or identical prerecorded or artificial voice messages on other occasions. (Collectively, "the telephone messages").

19.     When Plaintiff heard the telephone message in December 2016, she called 888-422-5350 on or about December 5, 2016. Hereinafter the "December 5, 2016 return telephone call."

20.     During the December 5, 2016 return telephone call, Plaintiff spoke to a "Sean Charles."

21.     All acts or omissions of Sean Charles were within the scope of his employment by GSG or were otherwise authorized by GSG.

22.     During the December 5, 2016 return telephone call, Sean Charles identified GSG only as a mediation firm by the name of "Global."

23.     During the December 5, 2016 return telephone call, Sean Charles never stated that GSG was a debt collector.

24.    During the December 5, 2016 return telephone call, Sean Charles refused to give Plaintiff GSG's address.

25.    During the December 5, 2016 return telephone call, Sean Charles stated GSG represented DJR Group.

26.    During the December 5, 2016 return telephone call, Sean Charles stated Plaintiff had a pending case against her.

27.    During the December 5, 2016 return telephone call, Sean Charles stated Plaintiff took out a payday loan in May of 2012 and stopped paying with a balance of $200.00.

28.    During the December 5, 2016 return telephone call, Sean Charles stated Plaintiff now owed $2,525.00.

29.    During the December 5, 2016 return telephone call, Sean Charles stated they could garnish Plaintiff's wages.

30.    During the December 5, 2016 return telephone call, Sean Charles stated they could take Plaintiff to court.

31.    During the December 5, 2016 return telephone call, Plaintiff asked Sean Charles put everything in writing and send it to her email address.

32.    During the December 5, 2016 return telephone call, Sean Charles refused to send Plaintiff anything in writing.

33.    During the December 5, 2016 return telephone call, when Plaintiff insisted on something in writing, Sean Charles stated he would only send something in writing if Plaintiff agreed to take care of the entire balance today.

34.     Refusing to give the street address of the collection company, refusing to send the consumer anything in writing, and exerting high pressure to try and scare consumers into paying debts they do not recognize are hallmark traits of what the FTC has coined "fake debt collectors." According to the FTC, "Consumers across the country report that they're getting telephone calls from people trying to collect on loans the consumers never received or on loans they did receive but for amounts they do not owe. Others are receiving calls from people seeking to recover on loans consumers received but where the creditors never authorized the callers to collect for them." The fake collectors often have very real information about the consumers including the consumer's bank account information.[1]

35.     On or about December 10, 2016, Plaintiff called telephone number 1-866-761-5639, which appears on GSG's website: https://globalsvcgroup.com, to try and get more information about the alleged debt. Hereinafter referred to as the "December 10, 2016 telephone call."

36.     During the December 10, 2016 telephone call, an unidentified male answered telling Plaintiff she was contacting the "payment center" for a conglomerate of clients.

37.     All acts or omissions of the unidentified male were within the scope of his employment by GSG or were otherwise authorized by GSG.

38.     During the December 10, 2016 telephone call, the unidentified male never identified GSG as a debt collector.

---

[1] *Fake Debt Collectors*, FEDERAL TRADE COMMISSION (Feb. 2012), https://www.consumer.ftc.gov/articles/0258-fake-debt-collectors (last accessed Nov. 8, 2017)

39.     During the December 10, 2016 telephone call, the unidentified male refused to give Plaintiff any additional information about the alleged debt telling Plaintiff she would have to call 1-888-201-6452.

40.     On or about December 10, 2016, Plaintiff called 1-888-201-6452. Hereinafter referred to as the "Second December 10, 2016 telephone call."

41.     During the Second December 10, 2016 telephone call, Plaintiff spoke to an unidentified female who gave Plaintiff the same information Sean Charles had about the May 2012 payday loan.

42.     All acts or omissions of the unidentified female were within the scope of her employment by GSG or were otherwise authorized by GSG.

43.     During the Second December 10, 2016 return telephone call, the unidentified female never identified GSG as a debt collector.

### *GSG Failed to Give Required Disclosures*

44.     Section 1692e(11) of the FDCPA requires debt collectors to disclose in subsequent communications that the communication is from a debt collector.

45.     GSG did not disclose in the December 2016 telephone calls that it was a debt collector. Rather, GSG identified itself as a "mediation firm."

46.     In enacting the FDCPA, Congress plainly sought to curb harassment or abuse at the hands of debt collectors, elevating this to the status of a legally cognizable injury and identified the private legal right of consumers to be entitled to receive the disclosures that Congress, in its judgment, included in 15 U.S.C. § 1692e(11) in communications from debt collectors.

47.     GSG's failure to provide the disclosures required by the FDCPA deprived Plaintiff and other consumers of information regarding a private legal right that Congress specifically identified they should have, and created a substantial risk that the consumers would not be able to exercise their rights under the FDCPA.

48.     Specifically, the effect of GSG's failure to disclose that they are debt collectors in the communications is that it created a substantial risk that the consumers will not know that the rights bestowed by the FDCPA apply to them since the FDCPA only applies to debt collectors.

### GSG Made False Threats and Representations

49.     Both the FDCPA and the FCCPA prohibit debt collectors from making false threats and representations:

15 U.S.C. § 1692e –

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
. . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

. . .

Fla. Stat. § 559.72 –

In collecting consumer debts, no person shall: . . .

(9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

. . .

50.    As of the date of this Complaint, Plaintiff has not paid the alleged debt, no lawsuit has been filed against Plaintiff, and her wages have not been garnished.

51.    GSG never had any intention of filing a lawsuit against Plaintiff or garnishing Plaintiff's wages.

52.    GSG never had the legal right to file a lawsuit against Plaintiff or to garnish Plaintiff's wages.

53.    Section 559.553 of the FCCPA requires all consumer collection agencies to first register with the Florida Office of Financial Regulation before attempting to collect a debt.

54.    Section 559.785 of the FCCPA makes it a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

55.    GSG was attempting to collect a debt from Plaintiff and was required to register with the Florida Office of Financial Regulation.

56.    At the time GSG contacted Plaintiff GSG was not registered with the Florida Office of Financial Regulation as a consumer collection agency.

57.    GSG could not legally sue Plaintiff to collect the debt without first registering with the Florida Office of Financial Regulation.  *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

58.     Upon information and belief, even if GSG was licensed and Plaintiff actually owed the alleged debt, GSG could not sue Plaintiff to collect the alleged debt because it would be void as either an unauthorized deferred presentment transactions under Florida Statute section 560.125(1) or an unauthorized consumer finance loan with an interest rate above 18 percent per annum under Florida Statute section 516.02(c).

59.     GSG has never filed a lawsuit against a consumer in the State of Florida.

60.     GSG knows it does not have the legal right to sue consumers in the State of Florida.

61.     GSG falsely represented that it was a mediation firm.

62.     GSG falsely represented the legal status or character of the alleged debt.

63.     GSG falsely represented the services rendered by it.

64.     GSG's actions were willful.

## LIABILITY

### *Respondeat Superior Liability*

65.     The acts and omissions of the debt collectors employed as agents by GSG who communicated with Plaintiff as described above were committed within the time and space limits of their agency relationship with their principal, GSG.

66.     The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by GSG in collecting consumer debts.

67.     By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, GSG.

68.     GSG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, FCCPA, and TCPA in their attempts to collect this debt from GSG.

### *Individual Liability of Poutanen*

69.     As set forth in the Counts below, the collection activity of GSG described above violated numerous sections of the FDCPA, FCCPA, and TCPA.

70.     Upon information and belief, POUTANEN is an owner, operator, and / or manager of GSG.

71.     Upon information and belief, POUTANEN controls and directs the collection practices of Global and its employees, including, but not limited to, the placement and content of its telephone messages; whether it discloses it is a debt collector; whether it collects in states where it is required to be licensed but is not; whether it purchases illegal payday loan debts; and whether it falsely threatens to sue consumers.

72.     POUTANEN regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

73.     POUTANEN regularly, directly or indirectly, collects or attempts to collect debts for other parties.

74.     POUTANEN is a "debt collector" as that term is defined in the FDCPA and FCCPA.

75.     POUTANEN was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

76.     Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

77.     As the owner, operator, and / or manager of GSG, POUTANEN established the policies of or carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein. As the officer that established and carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein, POUTANEN is liable for the violations of her company in her individual capacity.

### Individual Liability of D'Ambrose

78.     As set forth in the Counts below, the collection activity of GSG described above violated numerous sections of the FDCPA, FCCPA, and TCPA.

79.     Upon information and belief, D'AMBROSE is an owner, operator, and / or manager of GSG.

80.     Upon information and belief, D'AMBROSE controls and directs the collection practices of Global and its employees, including, but not limited to, the placement and content of its telephone messages; whether it discloses it is a debt collector; whether it collects in states where it is required to be licensed but is not;

whether it purchases illegal payday loan debts; and whether it falsely threatens to sue consumers.

81.     D'AMBROSE regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

82.     D'AMBROSE regularly, directly or indirectly, collects or attempts to collect debts for other parties.

83.     D'AMBROSE is a "debt collector" as that term is defined in the FDCPA and FCCPA.

84.     D'AMBROSE was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

85.     Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

86.     As the owner, operator, and / or manager of GSG, D'AMBROSE established the policies of or carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein. As the officer that established and carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein, D'AMBROSE is liable for the violations of her company in her individual capacity.

*Individual Liability of Foufas*

87.     As set forth in the Counts below, the collection activity of GSG described above violated numerous sections of the FDCPA, FCCPA, and TCPA.

88.     Upon information and belief, FOUFAS is an owner, operator, and / or manager of GSG.

89.     Upon information and belief, FOUFAS controls and directs the collection practices of Global and its employees, including, but not limited to, the placement and content of its telephone messages; whether it discloses it is a debt collector; whether it collects in states where it is required to be licensed but is not; whether it purchases illegal payday loan debts; and whether it falsely threatens to sue consumers.

90.     FOUFAS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

91.     FOUFAS regularly, directly or indirectly, collects or attempts to collect debts for other parties.

92.     FOUFAS is a "debt collector" as that term is defined in the FDCPA and FCCPA.

93.     FOUFAS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

94.     Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

95.     As the owner, operator, and / or manager of GSG, FOUFAS established the policies of or carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein. As the officer that established and carried out the practices of GSG regarding the TCPA or authorized those policies and practices complaint of herein, FOUFAS is liable for the violations of his company in his individual capacity.

### *Liability of John Doe*

96.     Upon information and belief, John Doe is a debt buyer who authorized GSG to collect the alleged debt on its behalf.

97.     More specifically, John Doe is engaged in the business of purchasing defaulted consumer debts originally owed to others.

98.     John Doe uses the mails and telephone in conducting business.

99.     John Doe is a "debt collector" as that term is defined in the FDCPA and FCCPA. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (holding that debt buyers are undisputedly debt collectors and subject to the FDCPA).

100.    By virtue of its status as a debt collector John Doe is vicariously liable to Plaintiff for GSG's violations of the FDCPA and FCCPA. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. Pa. 2000); McCorriston v. L.W.T., Inc., 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); Schutz v. Arrow Fin. Servs., LLC, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

101.    Because John Doe is the creditor on whose behalf GSG placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the

TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCCRUL. 07-232").

### COUNT I
### FALSE REPRESENTATION OF DEBT
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

102.    Plaintiff incorporates Paragraphs 1 through 43 and 49 through 68 above as if fully set forth herein.

103.    GSG falsely represented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

104.    POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

105.    JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT II
### FALSE REPRESENTATION OF SERVICES RENDERED IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(B)

106.    Plaintiff incorporates Paragraphs 1 through 68 above as if fully set forth herein.

107.    Defendant falsely represented the services rendered by the Defendant in connection with the collection of the debt in violation of 15 U.S.C. §1692e(2)(B).

108.    POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

109.    JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

## COUNT III
### THREAT TO TAKE ACTION THAT CANNOT BE TAKEN LEGALLY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

110.    Plaintiff incorporates Paragraphs 1 through 43 and 49 through 68 above as if fully set forth herein.

111.   GSG threatened to take an action that it could not legally take in violation of 15 U.S.C. §1692e(5).

112.   POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

113.   JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit; and

    c.   Such other or further relief as the Court deems proper.

<u>**COUNT IV**</u>
**THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN
IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)**

114.   Plaintiff incorporates Paragraphs 1 through 43 and 49 through 68 above as if fully set forth herein.

115.   GSG threatened to take an action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

116.   POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

117.    JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

   c.   Such other or further relief as the Court deems proper.

<u>**COUNT V**</u>
**USE OF FALSE REPRESENTATIONS OR DECEPTIVE MEANS**
**IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)**

118.    Plaintiff incorporates Paragraphs 1 through 68 above as if fully set forth herein.

119.    GSG used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10).

120.    POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

121.    JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

### COUNT VI
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
### IN VIOLATION OF 15 U.S.C. § 1692e(11)

122.    Plaintiff incorporates Paragraphs 1 through 48 and 65 through 68 above as if fully set forth herein.

123.    GSG failed to disclose in the December 2016 telephone calls that it is a debt collector in violation of 15 U.S.C. §1692e(11).

124.    POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

125.    JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

### COUNT VII
### UNFAIR PRACTICES
### IN VIOLATION OF 15 U.S.C. § 1692f(1)

126.    Plaintiff incorporates Paragraphs 1 through 43 and 49 through 68 above as if fully set forth herein.

127.     GSG attempted to collect an amount not authorized by law in violation of 15 U.S.C. § 1692f(1).

128.     POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

129.     JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.   Damages;

     b.   Attorney's fees, litigation expenses and costs of suit; and

     c.   Such other or further relief as the Court deems proper.

**COUNT VIII**
**HARASSMENT AND ABUSE**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**

130.     Plaintiff incorporates Paragraphs 1 through 68 above as if fully set forth herein.

131.     GSG willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

132.     POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

133.   JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.   Damages;

     b.   Attorney's fees, litigation expenses and costs of suit; and

     c.   Such other or further relief as the Court deems proper.

<u>**COUNT IX**</u>
**ENFORCING ILLEGITIMATE DEBT**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)**

134.   Plaintiff incorporates Paragraphs 1 through 41 and 49 through 68 above as if fully set forth herein.

135.   GSG attempted and threatened to enforce a debt Defendant knew was not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist in violation of Fla. Stat. § 559.72(9).

136.   POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

137.   JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

     a.   Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT X**
**REFUSAL TO ADEQUATELY IDENTIFY**
**IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(15)**

138.    Plaintiff incorporates Paragraphs 1 through 41 and 65 through 68 above as if fully set forth herein.

139.    GSG refused to provide adequate identification of herself or his employer when requested to do so by the debtor from whom she was attempting to collect a consumer debt in violation of Fla. Stat. § 559.72(15).

140.    POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

141.    JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.  Damages;

    b.  Attorney's fees, litigation expenses and costs of suit; and

    c.  Such other or further relief as the Court deems proper.

**COUNT XI**
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR**
**TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

142.    Plaintiff incorporates Paragraphs 1 through 6, 11 through 14, and 17 through 22 above as if fully set forth herein.

143.    GSG placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

144.    Plaintiff's cellular telephone number is 813-778-9886.

145.    Plaintiff is the regular, customary user and carrier of the cellular telephone number 813-778-9886.

146.    POUTANEN, D'AMBROSE, and FOUFAS are individually liable to Plaintiff for the acts of GSG under the officer liability theory as described above in Paragraphs 69 through 95.

147.    JOHN DOE is vicariously liable to Plaintiff for the acts of GSG as described above in Paragraphs 96 through 100.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.  Damages;

b.  A declaration that Defendant's debt collection practices violate the TCPA;

c.  A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d.   Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

> /s/ James S. Giardina
> _____
> [ X ] James S. Giardina – Trial Counsel
> Fla. Bar No. 0942421
> [    ] Kimberly H. Wochholz
> Fla. Bar No. 0092159
> The Consumer Rights Law Group, PLLC
> 3104 W. Waters Avenue, Suite 200
> Tampa, Florida 33614-2877
> Tel: (813) 435-5055 ext 101
> Fax: (866) 535-7199
> James@ConsumerRightsLawGroup.com
> Kim@ConsumerRightsLawGroup.com
> ***Counsel for Plaintiff***